IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:10-CV-183 |
| | ) |
| AMERICAN PATRIOT GETAWAYS, LLC, | ) Phillips/Shirley |
| W. D. AND MARY ANN SHYTLE, | ) |
| RACHAEL JEANETTE SUMPTER, and | ) |
| JOEL ANDREW SUMPTER, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Auto-Owners Insurance Company ("Auto-Owners"), by and through counsel, and for its Complaint for Declaratory Judgment Auto-Owners would show unto the Court as follows:

1. Auto-Owners is a Michigan corporation with its principal place of business in Lansing, Michigan.

2. Defendant American Patriot Getaways, LLC, ("American Patriot") is a Kentucky limited liability company, and upon information and belief, the members of the limited liability company are citizens and residents of the Commonwealth of Kentucky. Defendant American Patriot Getaways, LLC, may be served with process through the Tennessee Secretary of State with service upon K. Wayne Foster, the registered agent for American Patriot Getaways, LLC, at 6775 Foster Road, Philpot, Kentucky 42366.

3. Defendants W. D. and Mary Ann Shytle ("the Shytles") are residents and citizens of Union Grove, North Carolina. They may be served with process through the Tennessee Secretary of State at 1063 Gregory Road, Union Grove, North Carolina 28689.

4. Defendants Rachael Jeanette Sumpter and Joel Andrew Sumpter ("the Sumpters") are citizens and residents of Springfield, Ohio. They may be served with process through the Tennessee Secretary of State at 720 W. Jefferson Street, Springfield, Ohio 45506.

**JURISDICTION AND VENUE**

5. American Patriot is subject to the jurisdiction of this Court because it conducts business in Sevier County, Tennessee, and this action arose out of American Patriot's business of managing rental property in Sevier County, Tennessee.

6. The Shytles are subject to the jurisdiction of this Court because this action arose out of their ownership of a rental cabin in Sevier County, Tennessee.

7. The Sumpters are subject to the jurisdiction of this Court because this action arose out of their rental of a cabin in Sevier County, Tennessee.

8. American Patriot, the Shytles, and the Sumpters are subject to the jurisdiction of this Court under Tenn. Code Ann. § 20-2-223.

9. This action is brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and the Tennessee Declaratory Judgment Act, Tenn. Code. Ann. § 29-14-101 *et seq*. Auto-Owners seeks a declaratory judgment concerning the rights and obligations under a policy of insurance issued to American Patriot.

10. This action concerns an actual case and controversy over whether Auto-Owners has a duty to defend or indemnify American Patriot pursuant to a policy of insurance issued to American Patriot.

11. Venue is proper in this district and division because the policy of insurance issued by Auto-Owners to American Patriot was for American Patriot's business of managing rental cabins in Sevier County, Tennessee. Moreover, the underlying action filed by the Sumpters against American Patriot and the Shytles alleges negligence by American Patriot and the Shytles

2

in Sevier County, Tennessee. Under 28 U.S.C. § 123(a)(1), the Northern Division of the Eastern District of Tennessee is the proper venue for actions arising out of Sevier County, Tennessee.

12. Venue is proper in this district and division under 28 U.S.C. § 1391 as a substantial part of the events giving rise to this claim occurred in Sevier County, Tennessee.

13. The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between Plaintiff and Defendants if the amount of controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

14. Plaintiff is a citizen of Michigan and defendants are citizens and residents of Kentucky, North Carolina, and Ohio. Complete diversity of citizenship thus exists.

15. In this declaratory judgment action, Auto-Owners seeks a declaration that it has no duty to defend or indemnify American Patriot in a lawsuit brought against it by the Sumpters.

16. The Sumpters seek damages in their lawsuit against American Patriot and the Shytles in the total amount of $1,000,000. A copy of the Amended Complaint filed by the Shytles is attached hereto as ***Exhibit 1*** and is incorporated by reference into this Complaint for Declaratory Judgment.

17. The Sumpters bring claims against American Patriot and the Shytles for Rachael Jeannette Sumpter's ("Mrs. Sumpter") development of Legionnaire's Disease allegedly as a result of exposure to Legionella bacteria in a hot tub at a rental cabin owned by the Shytles and managed by American Patriot.

18. The Sumpters allege in their Amended Complaint that Mrs. Sumpter suffered the following permanent injuries: damage to her heart, lungs and kidneys, amputation of a portion of one thumb, and chronic joint pain and muscle weakness. *See **Exhibit 1***, Amended Complaint, ¶ 9.

3

19. The Sumpters further allege in their Amended Complaint that Mrs. Sumpter has endured, continues to endure and will in the future continue to endure physical and emotional pain and suffering, medical expenses and that Mrs. Sumpter is no longer able to work at gainful employment. *See id.*, ¶ 10.

20. The Sumpters' Amended Complaint further alleges that Mr. Sumpter, as a result of Mrs. Sumpter's alleged injuries and disabilities, has been, continues to be and will in the future be deprived of his wife's companionship and services. *See id.*, ¶ 11.

21. The claims brought against American Patriot and the Shytles exceed the minimum amount in controversy requirement of $75,000.00 required for this Court to exercise jurisdiction over this matter.

22. The policy limits of $1,000,000.00 for the policy of insurance issued by Auto-Owners to American Patriot for commercial general liability coverage exceeds the minimum amount in controversy requirement of $75,000.00 required for this Court to exercise jurisdiction over this matter.

23. The amount in controversy in this declaratory judgment action exceeds the sum or value of $75,000.00 exclusive of interest and costs.

24. This Court has personal jurisdiction over Auto-Owners, American Patriot, the Shytles, and the Sumpters.

## SPECIFIC ALLEGATIONS

25. Auto-Owners issued a policy of insurance to American Patriot.

26. The policy issued to American Patriot is a Commercial Property and Commercial General Liability Policy (the "Policy").

27. The Policy Number for the Policy is 004619-03286330-07.

28. The Policy had an effective date of March 23, 2007 through March 23, 2008. A certified copy of the Policy is attached hereto as *Exhibit 2* and incorporated into this Complaint for Declaratory Judgment by reference.

29. The Policy contains the following language as part of the insuring agreement:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result

*See Exhibit 2*, Policy, Commercial General Liability Coverage Form, p. 1.

**2. Exclusions**

This insurance does not apply to:

   COMMERCIAL GENERAL LIABILITY COVERAGE PART.

   A.   Under **SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** the following exclusions are added:

   1.   "Bodily injury" or "property damage" arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, whether airborne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event, material or product contributes concurrently or in any sequence to such injury or damage.

   2.   Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person, entity or governmental authority.

   These exclusions do not apply to any "fungi" or bacteria that are on, or are contained in, a good or product intended for human consumption.

*See Exhibit 2*, Policy, Fungi or Bacteria Exclusions, p. 1.

r. **Communicable Disease**

"Bodily injury" arising out of or resulting from the transmission of any communicable disease by any insured.

*See Exhibit 2*, Policy, Commercial General Liability Coverage Form, p. 7.

**COVERAGE C. MEDICAL PAYMENTS**

1. **Insuring Agreement**

   a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

      (1) On premises you own or rent;

      (2) On ways next to premises you own or rent; or

      (3) Because of your operations;

      Provided that

      (1) The accident takes place in the "coverage territory" and during the policy period;

      (2) The expenses are incurred and reported to us within one year of the date of the accident; and

      (3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

. . .

2. **Exclusions**

We will not pay expenses for "bodily injury":

. . .

i. **Communicable Disease**

Arising out of or resulting from the transmission of any communicable disease by any insured.

*See Exhibit 2*, Policy, Commercial General Liability Coverage Form, p. 10-11.

**SECTION II – WHO IS AN INSURED**

6

1. If you are designated in the Declarations as:

. . .

    c. A limited liability company, you are an insured. Your members are also insured, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

. . .

2. Each of the following is also an insured:

    a. Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business, or your "volunteer workers" only while performing duties related to the conduct of your business.

*See Exhibit 2*, Policy, Commercial General Liability Coverage Form, p. 11-12.

## SECTION V – DEFINITIONS

. . .

4. "Bodily injury" means bodily injury, bodily sickness, or bodily disease sustained by a person, including death resulting from any of these at any time.

. . .

15. "Personal injury" means other than "bodily injury" arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

> e. Oral or written publication, in any manner, of material that violates a person's right of privacy

. . .

> 18. "Property damage" means:
>
> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

*See Exhibit 2*, Policy, Commercial General Liability Coverage Form, p. 17, 19-20.

> "Fungi" means any type or form of fungus, including but not limited to, any mold, mildew, mycotoxins, spores, scents or byproducts produced or released by any type or form of fungus.

*See Exhibit 2*, Policy, Fungi or Bacteria Exclusions, p. 1.

30. On or about March 28, 2008, the Sumpters sued American Patriot and the Shytles in a civil action in the Circuit Court for Sevier County, Tennessee styled *Rachael Jeanette Sumpter and Joel Andrew Sumpter v. W. D. and Mary Ann Shytle and American Patriot Getaways, LLC*, Sevier County Circuit Court, No. 2008-0212, Div. III ("the Action"). A copy of the Complaint ("the Complaint") filed in the Action is attached hereto as *Exhibit 3* and incorporated herein by reference.

31. On or about April 30, 2008, Plaintiffs filed an Amended Complaint in the Action. A copy of the Amended Complaint ("the Amended Complaint") filed in the Action is attached hereto as *Exhibit 1* and incorporated into this Complaint for Declaratory Judgment by reference.

32. The Amended Complaint alleges that the Sumpters rented the Shy Bear Cabin ("the Cabin") from American Patriot for a vacation, resided in and made use of the Cabin and all its amenities pursuant to that arrangement from April 7, 2007 through April 11, 2007. *See Exhibit 1*, Amended Complaint, ¶ 6.

8

33. The Amended Complaint refers to the name of the Cabin as being the "Shy Bear Cabin" and then later as the "Sky Bear Cabin." Upon information and belief, the names refer to the same Cabin owned by the Shytles, managed by American Patriot, and rented by Sumpters from April 4, 2007 through April 11, 2007.

34. The Amended Complaint alleges that the Shytles owned the Cabin and that American Patriot managed the Cabin as a vacation rental property. *See id.*, ¶ 4.

35. The Amended Complaint alleges that Mrs. Sumpter utilized the hot tub on the Cabin's premises. *See id.*, ¶ 7.

36. The Amended Complaint alleges that the hot tub was contaminated with Legionella bacteria. *See id.*

37. The Amended Complaint alleges that as a result of the bacterial contamination, Mrs. Sumpter allegedly contracted Legionnaire's Disease. *See id.*, ¶ 8.

38. American Patriot requested that Auto-Owners provide a defense for it in the Action pursuant to the Policy.

39. Auto-Owners agreed to provide American Patriot with a defense in the Action subject to Reservation of Rights, which included, but was not limited to the right of Auto-Owners to file a declaratory judgment action to the determine whether the Policy issued to American Patriot provided coverage for the claims made in the Action against American Patriot.

40. The Policy does not provide insurance coverage for American Patriot for the claims in the Action because the Policy does not provide coverage for claims of bodily injury arising out of or resulting from the transmission of any communicable disease by any insured or for any bodily injury or property damage arising out of the actual, alleged or threatened contact with, exposure to or presence of any bacteria.

41. The Amended Complaint alleges that the injuries allegedly suffered by Mrs. Sumpter and which resulted in Mr. Sumpter's claim for loss of services and companionship arose out of Mrs. Sumpter's development of Legionnaire's Disease.

42. In the Amended Complaint, the Sumpters allege that Mrs. Sumpter contracted Legionnaire's Disease as a result of bacterial contamination from the hot tub at the Cabin.

43. The Tennessee Department of Health and the Tennessee Department of Environment and Conservation classify Legionellosis as a communicable disease and further declare that cases of Legionellosis are to be reported to the local health officer or local health department by all physicians, laboratories and other persons knowing of or suspecting a case. *See* Tenn. Comp. R. & Regs. § 1200-14-1-.02(1)(bb).

44. The Tennessee Department of Health's Notifiable Disease Matrix classifies Legionellosis as a Category II reportable disease. Cases of Category II reportable disease require written reports to be filed with the Department of Health. *See* Notifiable Disease Matrix, Tennessee Department of Health, attached hereto as *Exhibit 4* and incorporated by reference into this Complaint for Declaratory Judgment.

45. The United States Centers for Disease Control classifies Legionellosis into two clinically and epidemiologically distinct illnesses: 1) Legionnaire's Disease, and 2) Pontiac Fever. *See* Centers for Disease Control 2005 Case Definition for "Legionellosis (Legionella pneumophila) (Legionnaire's Disease)," at http://www.cdc.gov/ncphi/disss/nndss/casedef/legionellosis_current.htm (accessed March 29, 2010), copy attached hereto as *Exhibit 5* and incorporated by reference into this Complaint for Declaratory Judgment.

46. The United States Centers for Disease Control classifies Legionellosis as a nationally notifiable infectious disease. *See* Centers for Disease Control List of Nationally

Notifiable Infectious Diseases, located at http://www.cdc.gov/ncphi/disss/nndss/phs/infdis2007r.htm (accessed March 29, 2010), copy attached hereto as *Exhibit 6* and incorporated by reference into this Complaint for Declaratory Judgment.

47. Legionnaire's Disease is a communicable disease and is recognized as a communicable and reportable disease by both the Tennessee Department of Health and the United States Centers for Disease Control.

48. Legionnaire's Disease is a communicable disease within the meaning of the exclusion for coverage for communicable diseases in the Policy.

49. The Amended Complaint alleges that American Patriot transmitted Legionnaire's Disease to Mrs. Sumpter through alleged negligence in failing to maintain the hot tub in a safe and wholesome condition.

50. The very fact that the Sumpters have sued American Patriot for Mrs. Sumpter's alleged development of Legionnaire's Disease establishes that the Sumpters believe that American Patriot transmitted Legionnaire's Disease to Mrs. Sumpter.

51. American Patriot is an insured under the Policy.

52. As a result, the communicable disease exclusion in the Policy excludes coverage for American Patriot for the claims made against it in the Action.

53. The Amended Complaint alleges that the Sumpters' injuries occurred as a result of exposure to Legionella bacteria on or within the Cabin.

54. The exclusion of coverage for claims arising out of the contact with or exposure to any bacteria precludes coverage for American Patriot for the claims made against it in the Action.

11

Case 3:10-cv-00183-TWP-CCS   Document 1   Filed 04/27/10   Page 11 of 13   PageID #: 11

55. The claims of Joel Andrew Sumpter ("Mr. Sumpter") for deprivation of Mrs. Sumpter's companionship and services do not meet the definition of "bodily injury," "property damage," or "personal injury" under the Policy.

56. Because Mr. Sumpter's claims do not meet the definition of "bodily injury," "property damage," or "personal injury," Auto-Owners has no duty to defend or indemnify American Patriot in the Action for Mr. Sumpter's claims.

57. As a result, the Policy does not provide insurance coverage for the claims in the Action against American Patriot.

58. Auto-Owners does not have a duty under the Policy to defend American Patriot in the Action.

59. Auto-Owners does not have a duty under the Policy to indemnify American Patriot for any judgment entered against American Patriot in the Action.

60. American Patriot is a proper party to this declaratory judgment action because it is a named insured on the Policy and this declaratory judgment action will determine whether it has insurance coverage to provide a defense to it in the Action and to indemnify it for any judgment rendered against it in the Action.

61. The Shytles are proper parties to this declaratory judgment action because they have an interest in whether American Patriot has insurance coverage to pay any judgment that may be rendered in favor of the Sumpters and against American Patriot in the Action.

62. The Sumpters are proper parties to this declaratory judgment action because they have an interest in whether American Patriot has insurance coverage to pay any judgment that may be rendered in favor of the Sumpters and against American Patriot in the Action.

63. The defendants in this declaratory judgment action are proper parties to this case pursuant to Tennessee Code Annotated § 29-14-107.

64. Neither Auto-Owners nor any of the defendants in this declaratory judgment action have sought, by any other legal action, to have their respective rights under the Policy at issue adjudicated under the facts and circumstances presented herein.

WHEREFORE, Auto-Owners prays:

(A) That service of process be issued and served upon the Defendants listed above;

(B) That this Court enter an Order declaring that Auto-Owners does not have any duty or obligation to defend American Patriot Getaways, LLC in the Action or to indemnify American Patriot Getaways, LLC for any judgment entered against American Patriot Getaways, LLC in the Action because the Policy does not provide insurance coverage for the claims and damages alleged in the Action; and

(C) For such other relief as the Court deem equitable and necessary under the circumstances.

Respectfully submitted this the 27th day of April, 2010.

s/Howard E. Jarvis
Howard E. Jarvis, Esq. BPR #006673
Dean T. Howell, Esq. BPR #022130

WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC
Post Office Box 900
Knoxville, Tennessee 37901-0900
Telephone: (865) 215-1000
Facsimile: (865) 215-1001

*Attorneys for Plaintiff Auto-Owners Insurance Company*